MacDonald Bros., Inc., Appellant, vs. Quality Aluminum Casting Company, Respondent.

*May 15—June 10, 1947.*

28

For the appellant there were briefs by *Miller, Mack & Fairchild, J. G. Hardgrove, Frederic Sammond,* and *Ronold A. Drechsler,* all of Milwaukee, and oral argument by *Mr. Drechsler.*

For the respondent the cause was submitted on the brief of *Jacobson & Hippenmeyer* of Waukesha.

FRITZ, J.    There is no dispute on the facts presented and material on the hearing of the motions which resulted in entering the summary judgment.    Plaintiff claimed the balance of

$8,000 sought to be recovered by it herein was owing to it by defendant under a contract made by the parties in Wisconsin on February 21, 1945, for services which were to be performed and were performed under the contract by plaintiff in this state for defendant. Defendant's motion for summary judgment was based on the facts that at the time the contract was made in Wisconsin and plaintiff's services thereunder were performed here, plaintiff was a foreign corporation which was not then licensed, as required by sec. 226.02, Stats., to transact business in Wisconsin; and that consequently it was not entitled to recover under the contract so made, or for services performed in Wisconsin. The facts material on this appeal, as stated in the pleadings and affidavits, will be stated in the course of the opinion.

Upon plaintiff's filing the documents specified and required by the provisions in sec. 226.02, Stats., including a statement, as required by par. (b) of sec. 226.02 (3), of the name and residence of its agent who may represent it in Wisconsin, and the statement required by par. (h) of sec. 226.02 (3), "that as a condition of its being permitted to begin or continue doing business in this state, it will comply with all the laws of the state applicable to foreign corporations," there was duly issued to plaintiff by the secretary of state on February 13, 1932, a license under the provisions in sub. (1) of said sec. 226.02, Stats., which reads, so far as here material:

"No foreign corporation shall transact business or acquire, hold, or dispose of property in this state until it shall have filed in the office of the secretary of state a copy of its charter, articles of association or incorporation and all amendments thereto certified by the proper officer of the state wherein the corporation was organized, and shall have been licensed in this state."

However, four days later, on February 17, 1932, plaintiff filed with the secretary of state a revocation of said designated statutory agent in Wisconsin; and on June 1, 1933, plaintiff's

license was forfeited because of its failure to file by that date an annual statement as required by the provisions in sec. 226.04 (1) and (2), Stats., that,—

"Every foreign corporation transacting business in this state shall annually, between the first day of January and the first day of April, file with the secretary of state a report signed by its president, secretary, treasurer or general manager as of the first day of January. . . .

"In case of failure to file said report in the time above stated, the corporation shall pay to the secretary of state a penalty of twenty-five dollars if the same is filed before June first. In case said report is not filed by June first the license issued to said corporation shall be void and the secretary of state shall enter such forfeit in his records."

In accordance with this latter provision that "the license issued to said corporation shall be void," the license theretofore issued to plaintiff *ipso facto* became "void" on June 1, 1933, and such forfeiture thereof was duly entered in the records of the secretary of state; and for twelve years thereafter there was no revocation or rescission of that forfeiture or anything done by plaintiff to obtain any such revocation or rescission of that forfeiture until after the commencement of this action. And it was while plaintiff's license to transact business in this state still continued to be thus void and revoked that plaintiff, on February 21, 1945, in violation of sec. 226.02, Stats., unlawfully made in this state the contract in question and here performed thereunder the services for which it seeks to recover in this action. Finally, upon an inquiry by plaintiff's attorney as to plaintiff's status in this state, the secretary of state informed the attorney that plaintiff's license had been forfeited as aforesaid, and the attorney advised plaintiff to have the forfeiture rescinded. Plaintiff then applied directly to the secretary of state, who on February 11, 1946, issued a certificate stating that said forfeiture was rescinded. However, because of plaintiff's failure to file a statement in the form of an affidavit with a jurat, as required under

sec. 226.04 (3), Stats., in relation to matters therein prescribed to be stated, the rescission of the forfeiture was not validated until the defect was cured *nunc pro tunc* by filing a proper affidavit with the secretary of state on November 14, 1946.

Under the plain, unambiguous terms of the provision in sec. 226.04 (2), Stats., that, "In case said report is not filed by June first the license issued to said corporation shall be void and the secretary of state shall enter such forfeit in his records," plaintiff's license clearly became, upon its failure to file its annual report by June 1, 1932, void *ipso facto* and forfeited, as was then duly entered in the secretary of state's records. Thereupon and during all of the period of the absence of any presently restored and effective license authorizing plaintiff to transact business in this state every contract made by or on behalf of plaintiff as such foreign corporation was void on its behalf. The terms used in provisions in sec. 226.04 (3), Stats., that, "the secretary of state may rescind such forfeiture of license and annul all disabilities consequent therefrom, on presentation of an affidavit of the president and secretary of the corporation," etc., do not mean or disclose, or even indicate, that it was intended thereby to resuscitate the forfeited and voided right and power of plaintiff to transact business in Wisconsin so as to entitle plaintiff to sue upon a contract or recover for services performed, which at the time of such making or performance it was wholly unlawful for it, on February 21, 1945, to make or perform. That contract and the services performed thereunder, in so far as plaintiff's right to enforcement thereof or recovery therefor on its behalf are concerned, was wholly unlawful and void at all of the time during which the contract was made or services were performed by plaintiff; and there is no provision in the statutes which can be deemed to warrant holding that the legislature ever intended to empower the secretary of state to validate such a void contract by his performance of the simple *ex parte* acts prescribed

in sec. 226.04 (3), Stats., to rescind the forfeiture of the license and thus by his *ex post facto* act effect the annulment of plaintiff's disabilities consequent therefrom. As is rightly stated in the trial court's decision:

"The question then is, did the legislature by sec. 226.04 (3) intend that a nullity might be revived, that what it and the court have declared what is not a contract might be made one by a subsequent act of one of the parties? As has been pointed out, this is not a voidable contract which may be made effective by the act or at the election of one of the parties. . . . To sustain plaintiff's contention would be to strip sec. 226.02 (9) of its force and effect. It would permit a foreign corporation to go on year after year without filing its annual report, to withhold from those who might be interested the information required to be included in the report, then make in Wisconsin what might be for it a profitable contract, wait until that is determined, and then if it is determined finally file the report. And what is more, during each of those years it would have saved the annual fee of $25 required for late filing by sec. 226.04 (2). That just does not make sense and such construction should not be permitted unless there is no escape from it."

In connection with the latter statement, it is important to note that the statement which a foreign corporation is required to make in compliance with sec. 226.02 (3) (h), Stats., is required not only "as a condition of its being permitted to begin," but also as a condition to "continue doing business in this state." Consequently, because of plaintiff's continued prior violations in the respects stated, the contract of February 21, 1945, was absolutely void at and from its inception, so far as the enforcement thereof on behalf of the plaintiff is concerned; and no subsequent *ex parte* act or proceeding by the secretary of state for the benefit of the offending corporation and to the disadvantage of the other party can be deemed to validate the contract without the consent of the latter. As is stated in 23 Am. Jur., Foreign Corporations, p. 327, sec. 350,—

"If the contract is rendered void by the express terms of the statute or by the construction placed upon it, a subsequent compliance with the statute does not enable the corporation to sue upon the contract."

Although under the provision in sec. 226.04 (3), Stats.,—

"The secretary of state may rescind such forfeiture of license and annul all disabilities consequent therefrom, on presentation of an affidavit of the president and secretary of the corporation, to the effect that such corporation has not suspended its ordinary and lawful business, or that the corporation at the time the forfeiture was declared held interests in real estate,"—

there is nothing stated in these provisions which can be deemed to authorize the transaction of business by plaintiff prior to the date of an effective rescission of the forfeiture. Until the date of such rescission there cannot be held to have been any restoration of the license and hence no effective annulment of the delinquent licensee's disability to transact business consequent from the forfeiture of its license. The clause "annul all disabilities consequent therefrom" (*i. e.,* from the forfeiture) does not mean the mere disability to legally enforce on its behalf a contract made during the period of its disability to transact any business. Instead, it means *disability to transact any business whatsoever* until after the disability, as the result of the forfeiture of the license, has been removed by the rescission and the consequent restoration of the license to again transact business in this state. There is nothing stated in sec. 226.04 (3), Stats., which can be considered to mean that it was intended thereby to create and vest in an offending corporation the right to recover on a contract which was void when entered into. As the trial court said:

"The statute, sec. 226.04 (3), provides that upon the filing of the affidavit the 'secretary of state may rescind;' rescind what? 'Such forfeiture,' and that is all that is rescinded.

34

That language does not of itself affect the validity of a contract sought to be made after the forfeiture. The section also provides that upon the filing the secretary of state may 'annul all disabilities consequent' from the failure to previously comply. As I read this provision, having in mind the purpose of sec. 226, it means that then existing disabilities are removed and that then the corporation may again do business in the state. It should be noted that the subsection is headed 'Restoration of license.' That expresses the purpose of the provision—to restore to the corporation its right to do business, not to ratify what it has done in violation of sec. 226.02 (1). The word 'restore' relates to something having a previous existence. What existed previously? The plaintiff's right to do business in the state. The alleged contract never did exist, as has been pointed out."

*By the Court.*—Judgment affirmed.